Jeremiah JOHNSON, Plaintiff,

v.

GENERAL MILLS, INC. and Yoplait
USA, Inc., Defendants.

No. SACV 10–00061–CJC(ANx).

United States District Court,
C.D. California,
Southern Division.

Sept. 12, 2011.

Cullin A. O'Brien, Mark Jeffrey Dearman, Stuart A. Davidson, Robbins Geller Rudman & Dowd LLP, Jonathan M. Stein, Law Office of Jonathan M. Stein, P.L., Boca Raton, FL, Leslie Hurst, Thomas Joseph O'Reardon, II, Timothy G. Blood, Blood Hurst & O'Reardon LLP, Cameron J. Gharabiklou, The Law Offices of Cameron J. Gharabiklou, San Diego, CA, Frank E. Piscitelli, Jr., Piscitelli Law Firm, Highland Heights, OH, Jayne A. Gold-

stein, Shepherd Finkelman Miller & Shah LLP, Weston, FL, for Plaintiff.

Randall W. Edwards, O'Melveny & Myers, San Francisco, CA, for Plaintiff and Defendant.

Benjamin W. Hulse, Corey L. Gordon, Jerry W. Blackwell, Blackwell Burke PA, Minneapolis, MN, Brian C. Anderson, Christopher D. Catalano, O'Melveny & Myers LLP, Washington, DC, Margaret Amalia Moeser, O'Melveny & Myers LLP, Los Angeles, CA, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR CLASS DECERTIFICATION

CORMAC J. CARNEY, District Judge.

### INTRODUCTION & BACKGROUND

Mr. Johnson has brought claims on behalf of himself and putative class members asserting that General Mills, Inc. and Yoplait USA, Inc. (collectively "Defendants") violated California's Unfair Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA") by falsely representing that YoPlus yogurt products promote digestive health. Mr. Johnson alleges that Defendants communicated this misrepresentation through product packaging and other forms of marketing including television, newspaper, magazine, internet, and direct mail advertisements. On April 20, 2011, this Court granted Mr. Johnson's motion for class certification. The Court found that Mr. Johnson's claims met the commonality and predominance requirements for class certification required by Rule 23 of the Federal Rules of Civil Procedure [1] because both the CLRA and UCL claims presented core issues of law and fact, and those issues predominated over the issues in the case that would have to be determined on an individual basis. These common issues included: (1) whether General Mills communicated a representation—through YoPlus packaging and other marketing, including television and print advertisements—that YoPlus promoted digestive health; (2) if so, whether that representation

---

**1.** Defendants' motion only challenges class certification on grounds of commonality and predominance. Accordingly, this Court's findings regarding the other class certification requirements are not mentioned in detail.

was material to individuals purchasing Yo-Plus; (3) if the representation was material, whether it was truthful; in other words, whether YoPlus does confer a digestive health benefit that ordinary[2] yogurt does not;[3] and (4) if reasonable California consumers who purchased YoPlus were deceived by a material misrepresentation as to YoPlus' digestive health benefit, what is the proper method for calculating their damages.

After this Court granted certification, the United States Supreme Court issued a decision in *Wal–Mart v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011) clarifying the requirements for a finding of commonality under Rule 23(a), and finding certification improper under 23(b)(2) because necessary damages calculations would require individual determination at a separate hearing and were not, therefore, incidental to the claims for injunctive and declaratory relief. In light of the *Wal–Mart* decision, Defendants brought this motion for class decertification. The day before Mr. Johnson's opposition was due and filed, the Ninth Circuit issued an opinion in *Stearns v. Ticketmaster*, 655 F.3d 1013 (9th Cir.2011), which directly addressed the issue of class certification of claims brought pursuant to the UCL and the CLRA. Defendants assert that this Court's previous ruling is contrary to both *Ticketmaster* and *Wal–Mart* and the class must be decertified. Defendants also claim, relying on *Wal–Mart*, that class decertification is warranted because certification denies them of their due process right to defend the individual aspects of the class claims on a case-by-case basis. For the reasons explained below, Defendants' motion for class decertification is DENIED.

## ANALYSIS

### A. Neither *Wal–Mart* nor *Ticketmaster* Contradict This Court's Findings as to Commonality or Predominance

■ Class certification remains warranted because Mr. Johnson satisfies the commonality requirement as set forth in *Wal–Mart*. To satisfy the commonality require-ment, the plaintiff must establish that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." *Wal–Mart Stores, Inc.*, 131 S.Ct. at 2551. The "claims must depend on a common contention" and "[t]hat common contention ... must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998).

■ Here Mr. Johnson presents sufficient facts to show that all of the class members' claims have at their heart a common contention: Defendants made a material misrepresentation regarding the digestive health benefits of YoPlus that violated the UCL and the CLRA. Unlike in *Wal–Mart*, where the injury suffered, discrimination, happened at the hands of different supervisors in different regions without the link of a common practice or policy, any injury suffered by a class member in this case stems from a common core of salient facts. The class members all assert they were misled by a common advertising campaign that had little to no variation. Here there is a unitary message, which Mr. Johnson claims is fraudulent, that *Wal–Mart* lacked, and thus class certification is warranted under the standard set forth in *Wal–Mart*.

■ Defendants assert that because the reliance requirement of the CLRA and the causation requirement of the UCL cannot be resolved "in one stroke," the Court must find that commonality is not established. This misstates the holding of *Wal–Mart*. *Wal–*

---

2. By "ordinary," the Court refers to commercially available yogurts that are not specifically marketed as having a digestive health benefit.

3. General Mills has contended that any such representation was true and well-supported by scientific evidence. *See, e.g.,* Defs.' Opp'n to Pls.' Mot for Class Certification at 4–5.

*Mart* does not mandate that every element of a cause of action must be common. The Supreme Court reversed class certification in *Wal–Mart* because there was no common policy or practice, not because there were factual and legal issues that could not be determined on a classwide basis. Neither Rule 23 nor *Wal–Mart* requires the degree of uniformity that Defendants appear to assert is necessary for certification. The requirement of predominance in Rule 23(b)(3) itself implies that a court may certify a class even though there will, at some point, be issues that must be determined individually.

Moreover, *Ticketmaster* reaffirms that a plaintiff need not establish actual reliance to establish a defendant's liability under the UCL. *See In re Tobacco II Cases,* 46 Cal.4th 298, 312, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009) (" '[T]o state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived.' "); *Ticketmaster,* 655 F.3d at 1020 (quoting *In re Tobacco II Cases* to hold that the district court wrongly found that individual issues predominated because it incorrectly interpreted the UCL to require individualized proof of reliance and causation).

As to Mr. Johnson's CLRA claim, questions of reliance and causation also do not defeat certification. The Ninth Circuit explicitly recognized in *Ticketmaster* that California law permits a court to try, and a class to establish causation/reliance as a common issue by inference " '[i]f the trial court finds that material misrepresentations have been made to the entire class.' " *Id.* at 1022 (quoting *In re Vioxx Class Cases,* 180 Cal. App.4th 116, 129, 103 Cal.Rptr.3d 83 (2009)). Materiality is established " 'if a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question.' " *Id.* (quoting *Steroid Hormone Prod. Cases,* 181 Cal.App.4th 145, 155–56, 104 Cal.Rptr.3d 329 (2010)).

Defendants make three challenges to this Court's holding that an inference of reliance is permitted in this case. First, they assert that the Ninth Circuit has established that such an inference is permitted only as to material omissions, not affirmative misrepresentations. In support of this argument they cite to a federal class action RICO case with such a holding. *See Poulos v. Caesars World, Inc.,* 379 F.3d 654 (9th Cir.2004). *Poulos* is inapplicable here because it is based on a different statutory and common law scheme. Moreover, even if one could expand the alleged inference rule from federal RICO class actions such as *Poulos* to class actions in general, such an expansion into CLRA claims is clearly contradictory to the Ninth Circuit's assertions in *Ticketmaster,* decided after *Poulos.* In *Ticketmaster,* the Ninth Circuit explicitly recognized that a classwide inference of reliance for both affirmative misrepresentations and omissions is proper for a CLRA claim.

Second, Defendants argue that even if such an inference is permitted, because it is rebuttable, and has been rebutted (because some class members bought the yogurt for other reasons), certification is unwarranted. While such a rebuttal may defeat Mr. Johnsons' ability to succeed in proving that an inference of classwide reliance is warranted for liability, it does not defeat class certification. Permitting decertification on this basis would require an impermissible determination of the merits of Mr. Johnson's claims. Moreover, the fact that some people have bought the yogurt for other reasons does not sufficiently rebut an inference of materiality to defeat certification, because it does not as a matter of law contradict a finding that " 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question.' " *Id.* (quoting *Steroid Hormone Prod. Cases,* 181 Cal.App.4th at 155–56, 104 Cal.Rptr.3d 329). The finder of fact may well determine that this information defeats the inference for purposes of liability, or that, at the damages phase, an individual class member isn't entitled to recovery. But such determinations do not mandate decertification. "The amount of damages is invariably an individual question and does not defeat class action treatment." *Blackie v. Barrack,* 524 F.2d 891, 905 (9th Cir.1975).

Finally, Defendants assert that factual similarities between the CLRA claim in *Ticketmaster* and Mr. Johnson's CLRA claim point in favor of decertification. In doing so, they present a distorted interpretation of the district court's analysis in *Ticketmaster*. In *Ticketmaster*, the class alleged a CLRA violation because Ticketmaster passed on the members' credit card information to EPI, an operator of a program that issued cash-back rewards and printable coupons linked to Ticketmaster's site, without their knowledge. Allegedly, Ticketmaster's confirmation page provided a link to sign up for EPI's rewards program. Customers were asked only to enter their email address, and both Ticketmaster's and EPI's sites failed to adequately disclose that by signing up a customer was granting permission for Ticketmaster to pass on her credit card information to EPI, and that EPI would automatically charge her a monthly fee after a 30–day trial. In the *Mancini* district court case [4], the class was defined as all those who purchased tickets from Ticketmaster during the relevant period, who were enrolled in the EPI rewards program, and who did not print any coupons or apply for cash-back awards. The district court, affirmed by the Ninth Circuit, found that a finding of materiality was unwarranted because the class was so broad as to include people who were not *misled* at all, that is, people who knew they were enrolling in a fee-based rewards program. The district court found that it could not assume that because people didn't get rewards or coupons, they must have been misled, because people may have had other reasons for not getting coupons or rewards.

The "existence of other reasons" analogy is inappropriate here. Defendants assert no facts that support a finding that there were members of the class who were not misled, that is, who knew the yogurt did not provide digestive health benefits. An appropriate analogy to *Ticketmaster* is not consumers who were aware of the digestive health message but bought the yogurt for other reasons, but instead consumers who knew or believed the digestive health message to be false but purchased the yogurt anyway. That some consumers purchased the yogurt for other reasons does not defeat a finding that "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action" as required by *Steroid* for materiality. 181 Cal.App.4th at 157, 104 Cal.Rptr.3d 329. *Ticketmaster*'s underlying facts are materially different from this case, and the Ninth Circuit simply held that a finding that common issues did not predominate, because the class contained members who were not misled at all, was not an abuse of discretion. Contrary to Defendants' assertion, the holding in *Ticketmaster* does not compel decertification. In fact, the holding supports certification.

The claims brought by Mr. Johnson on behalf of the class under the UCL and the CLRA center around a common question: Did Defendants state a false claim of a digestive health benefit that a reasonable person would have been deceived by, for purposes of the UCL, or would have attached importance to, for purposes of the CLRA? While individualized determinations may be required to calculate damages, those determinations do not warrant decertification. The common question is sufficiently central to satisfy commonality, and, when compared to those aspects of the suit which are individualized, still predominate. Accordingly, Defendants' motion is DENIED.

**B. Class Certification Does not Violate Defendants' Due Process Rights Under *Wal–Mart***

■ Defendants argue that this Court's class certification violates the Supreme Court's ruling in *Wal–Mart*, because it deprives them of their due process right to challenge each plaintiff's claim on a case-by-case basis and instead proposes a "trial by formula" method through the use of damage claims forms. This argument fails because it misinterprets both the facts and holdings of *Wal–Mart*, and the results of this Court's certification order. Presumably Defendants assert this argument to challenge the Court's

---

**4.** Three separate district court cases were consolidated for purposes of the Appeal to the Ninth Circuit.

finding of predominance and suitability under Rule 23(b)(3).

 First, *Wal–Mart* does not stand for the proposition that an individualized determination of damages defeats predomination under 23(b)(3). *Wal–Mart* held that class certification was unwarranted under Rule 23(b)(2). 131 S.Ct. at 2560–61. In *Wal–Mart,* the Supreme Court evaluated whether a 23(b)(2) class could be certified where members of the class, in addition to injunctive and declaratory relief, also had a claim for money damages. The Supreme Court declined to issue a ruling on whether incidental money damages defeated certification 23(b)(2), because it found the damages to which putative class members would be entitled would not be incidental. Adopting the Fifth Circuits interpretation of incidental, the Supreme Court held that " 'incidental damage should not require additional hearings to resolve the disparate merits of each individual's case; it should neither introduce new substantial legal or factual issues, nor entail complex individualized determinations.' " *Id.* at 2560 (quoting *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 415 (5th Cir.1998)). The Supreme Court first found it was improper to attempt to calculate back-pay damages by "trial by formula" versus the standard methods for establishing damages for each class member after liability has been established in a 23(b)(3) class. *Id.* Because the damages stage did not meet this definition of incidental, the Supreme Court held that the class could not be certified under Rule 23(b)(2). *Id.* As this class is certified based on the requirements of 23(b)(3), such individualized determinations at the damages stage, so long as common issues predominate, do not warrant decertification. Moreover, *Wal–Mart*'s explanation of the usual damages process condones permitting separate proceedings to determine the scope of individual relief after establishing the pattern or practice which is common. *Id.* at 2561. The fact that liability under the CLRA may be established classwide by an inference of reliance does not deprive Defendants' of their opportunity to challenge each members' claim. If Mr. Johnson establishes liability for the class, Defendants may challenge reliance and causation individually during a determination of damages, after the issues that are common have been litigated and resolved. "The amount of damages is invariably an individual question and does not defeat class action treatment." *Blackie,* 524 F.2d at 905.

## CONCLUSION

For the foregoing reasons, Defendants' motion for class decertification is DENIED.